**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TARCHIA BUSH,

                Plaintiff,

vs.                                 Case No.  3:13-cv-691-J-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

_____/

## OPINION AND ORDER[1]

### I.  Status

      Tarchia Bush ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is due to "[l]upus[.]"  Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed August 27, 2013, at 199. On March 22, 2010, Plaintiff filed an application for SSI, alleging an onset disability date of February 1, 2010.  Tr. at 164-168.[2]  Plaintiff's application was denied initially, see Tr. at 64, 70-73, and was denied upon reconsideration, see Tr. at 65, 80-81, 83.

---

[1]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 17), filed January 2, 2014; Reference Order (Doc. No. 18), entered January 8, 2014.

[2]      The administrative transcript also contains an application for disability insurance benefits filed on March 26, 2010.  Tr. at 169.  This application was denied on April 2, 2010 because Plaintiff "ha[d] not worked long enough under Social Security" to earn sufficient credits to receive disability insurance benefits. Tr. at 66. On appeal to this Court, Plaintiff does not challenge this finding.  Her appeal is therefore construed to pertain solely to the denial of SSI. In any event, the Court's ultimate ruling in this Opinion and Order would apply with equal force to the application for disability insurance benefits.

On October 21, 2011, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. Tr. at 24-55. The ALJ issued a Decision on January 23, 2012, finding Plaintiff not disabled through the date of the Decision. Tr. at 12-19. On May 8, 2013, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On June 13, 2013, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises one issue on appeal. See Memorandum in Support of Complaint (Doc. No. 14; "Pl.'s Mem."), filed September 10, 2013. The issue is whether "the testimony of the [vocational expert ("VE")] is inconsistent and cannot be relied upon as a basis for this decision[.]" Pl.'s Mem. at 5 (emphasis and capitalization omitted). On December 20, 2013, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 15; "Def.'s Mem."). After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining

---

[3]    "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 14-19. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since March 22, 2010, the application date." Tr. at 14 (emphasis and citation omitted). At step two, the ALJ found Plaintiff suffers from "the following severe impairments: Systemic Lupus Erythematosus; fibromyalgia." Tr. at 14 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 14 (emphasis and citation omitted).

The ALJ determined Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff can] perform light work as defined in 20 CFR 416.967(b) except with a need to change positions between sitting and standing at will; no more than occasional climbing ramps or stairs, balancing, stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes and scaffolds; and, no concentrated exposure to extreme heat, cold, or hazards such as heavy machinery, unprotected heights, etc.

Tr. at 15 (emphasis omitted). At step four, the ALJ found Plaintiff "is unable to perform any past relevant work" as "a counter attendant, food assembler, and cook helper." Tr. at 18 (emphasis and citation omitted). At step five, after considering Plaintiff's age (39 on the

date the application was filed), education ("at least a high school education"), work experience, and RFC, the ALJ found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. at 18 (emphasis and citation omitted). Relying on testimony of the VE, the ALJ identified as representative jobs the following: "Marker"; "Cashier"; and "Ticket Taker[.]"  Tr. at 19.  The ALJ concluded that Plaintiff "has not been under a disability . . . since March 22, 2010, the date the application was filed." Tr. at 19 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th

Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

As noted above, Plaintiff raises one issue on appeal.  Plaintiff contends the ALJ erred in relying on the VE's testimony to identify the representative jobs that Plaintiff can perform. See Pl.'s Mem. at 5-7.  Specifically, Plaintiff argues that although the ALJ found Plaintiff must be able to change positions between sitting and standing at will and communicated that limitation to the VE through the hypothetical, the VE did not identify jobs allowing that sort of accommodation.  Id.  Plaintiff states the following: "[b]ecause all the jobs [identified by the VE] were light duty positions[,] it begs the question as to why some light duty jobs would be eliminated and others would remain."  Id. at 5.  Plaintiff observes that the Dictionary of Occupational Titles ("DOT") classifies light duty work as "requir[ing] the person to be able to stand and/or walk the majority of the day."  Id.  Defendant responds by asserting that the ALJ properly relied on the VE's testimony, and substantial evidence supports the ALJ's decision.  Def.'s Mem. at 4-6.

In the fifth step of the sequential evaluation process, an ALJ may pose a hypothetical question to a VE as part of his determination of whether the claimant can obtain work in the national economy.  See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)).  If an ALJ chooses to rely on a VE's testimony, the ALJ is required "to ask the VE whether there is a conflict [between the

VE's testimony and the DOT,] and if the VE identifies a conflict the ALJ is required then–and only then–to address the conflict[.]" Garskof v. Astrue, No. 5:07-cv-288-Oc-GRJ, 2008 WL 4405050, at *6 (M.D. Fla. Sept. 26, 2008) (unpublished); see Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *2 (noting that "[w]hen there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE").  If no conflict is identified, "the ALJ does not violate SSR 00-4p by relying upon the opinion of the VE–so long as the ALJ asked the VE to identify any conflicts–and the ALJ is not required independently to identify whether there is any inconsistency."  Garskof, 2008 WL 4405050, at *6.  Even if a conflict is identified, a "'VE's testimony trumps the DOT.'"  Jones v. Comm'r of Soc. Sec., 423 F. App'x 936, 938 (11th Cir. 2011) (unpublished) (quoting Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999)); see also Hurtado v. Comm'r of Soc. Sec., 425 F. App'x 793, 795-96 (11th Cir. 2011) (unpublished) (citation omitted) (noting that a "VE is an expert on the kinds of jobs a person can perform, while the DOT simply provides generalized overviews of jobs and not the specific requirements of a job"); Jones v. Charter, 72 F.3d 81 (8th Cir. 1995) (noting that the DOT "gives the approximate maximum requirement for each position, rather than their range").

Here, the pertinent portions of the exchange between the ALJ and the VE occurred as follows:

> [ALJ]: Dr. Mitchell, do you understand that if you give us an opinion which conflicts with the information in the [DOT], that you need to advise us on the conflict and the basis for your opinion?
>
> [VE]: Yes, your honor.

. . .

[ALJ]: . . . If I were to find that [Plaintiff] has been capable of performing light work as defined in the regulations except with the need to change positions between sitting and standing at will, no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. No climbing of ladders, ropes, and scaffolds, and no concentrated exposure to extreme heat, cold, or hazardous and dangerous machinery, heights, et cetera, would she be able to perform any of her past work?

[VE]: No, your honor.

[ALJ]: Okay.  Then I'd like you to assume the hypothetical individual who is a younger individual with a high school education, the previous work experience that you have just described, and the same limitations that I just gave to you, which included a restriction to light work defined in the regulations except with a need to change positions between sitting and standing at will, no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling.  No climbing of ladders, ropes, and scaffolds, and no concentrated exposure to extreme heat, cold or hazardous, dangerous machinery or heights.  Would there be any jobs that this hypothetically [sic] individual could perform in the regional or national economy?

[VE]: Yes, your honor.

Tr. at 52-54.  The VE then went on to identify the jobs of "marker," "cashier II," and "ticket taker."  Tr. at 54.  Plaintiff's attorney at the hearing did not object to the VE testifying as an expert, Tr. at 51, and did not question the VE about any alleged inconsistencies, see Tr. at 54.

Upon review of the testimony, the undersigned finds no error in the ALJ's reliance on the VE's testimony.  The VE, an expert on the types of jobs a person can perform, identified three jobs Plaintiff can perform after considering the ALJ's hypothetical.  Plaintiff has not provided any legal authority or other evidence to contradict the VE's testimony that Plaintiff

can perform these jobs.[4]   Consistent with the Regulations, the ALJ noted in his Decision pursuant to SSR 00-4p that "the [VE's] testimony is consistent with the information contained in the [DOT]." Tr. at 19.  Even if there were an identifiable inconsistency between the VE's testimony and the DOT, the VE's expert testimony "trumps" the DOT.  See Jones, 423 F. App'x at 938.  The VE's testimony is supported by substantial evidence, and the ALJ committed no error in relying on that testimony.

## V.  Conclusion

After a thorough review of the record, the undersigned is convinced that the Commissioner's final decision is supported by substantial evidence.  Upon due consideration, it is

**ORDERED**:

1.  The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

---

[4]   In arguing that the unskilled representative jobs identified by the VE do not allow for a sit/stand option, Plaintiff relies upon SSR 83-12, 1983 WL 31253, at *4, which provides, "Unskilled types of jobs are particularly structured so that a person cannot <u>ordinarily</u> sit or stand at will." (emphasis added). Plaintiff, however, ignores the next sentence: "In cases of unusual limitation of ability to sit or stand, a [vocational specialist] should be consulted to clarify the implications for the occupational base." <u>Id.</u> "SSR 83-12 does not endeavor to decide that there can <u>never</u> exist significant light jobs with a sit/stand option"; rather, it directs an ALJ to obtain VE testimony in such cases. <u>Books v. Chater</u>, 91 F.3d 972, 980-81 (7th Cir. 1996). Here, the ALJ did just that.

2.      The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on April 14, 2014.


_James R. Klindt_

**JAMES R. KLINDT**
United States Magistrate Judge



kaw
copies to:
counsel of record